13-3091-cr
United States v. Sealed Defendant 1

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
         DENNY CHIN,
         CHRISTOPHER F. DRONEY,
              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                   Appellee,

         -v-                          13-3091-cr

SEALED DEFENDANT 1,
                   Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:              Andrew Bauer, Brent S. Wible,
                           Assistant United States Attorneys,
                           for Preet Bharara, United States
                           Attorney for the Southern District
                           of New York, New York, New York.

FOR DEFENDANT-APPELLANT:   George R. Goltzer, Ying Stafford,
                           New York, New York.

Appeal from the United States District Court for the Southern District of New York (Ramos, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

On December 18, 2012, defendant-appellant Sealed Defendant 1 ("TW") was charged with acts of juvenile delinquency: attempting to commit a Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 1952, and causing the death of another through the use of a firearm during and in relation to that offense, in violation of 18 U.S.C. §§ 924(j)(1) and 924(j)(2). TW appeals from an oral order of the district court issued on August 2, 2013, granting the government's motion pursuant to 18 U.S.C. § 5032 to transfer TW's case to adult status. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

TW argues that the district court abused its discretion in granting the government's motion. In particular, he contends that the district court failed to properly account for his potential for rehabilitation. We disagree.

After a motion by the Attorney General, a district court may transfer a qualified juvenile to adult status in the interest of justice. See 18 U.S.C. § 5032. In determining whether transfer is appropriate, the district court must consider six factors: "(1) the juvenile's age and social background; (2) the nature of the offense alleged; (3) the nature and extent of any prior delinquency record; (4) present psychological maturity and intellectual development; (5) the juvenile's response to past treatment efforts and the nature of those efforts; and (6) available programs that are designed to treat the juvenile's behavior problems." United States v. Nelson, 68 F.3d 583, 588 (2d Cir. 1995). The factors "need not be accorded equal weight

-2-

by the district court, which may balance [them] in any way that seems appropriate to it." Id. As the "decision of the district court is a discretionary one," we will not disturb it "except upon our finding of an abuse of discretion." Id.

We find no such abuse in this case. The district court made careful findings with respect to each of the six statutory factors and concluded that most warranted transfer. Specifically, TW was just three months shy of his eighteenth birthday when he allegedly committed the offense and twenty years old at the time of the transfer hearing; the crimes TW allegedly participated in were part of "an inherently lethal plan" and constituted a "very serious offense" (App. at 99-100); TW had been arrested for conduct suggesting that he participated in drug-related activities in the past; TW's behavior since he allegedly committed the crimes supported his present maturity and intellectual development; and while TW responded well to periods during which he was supervised after his arrests in the past, the district court found that "the beneficial effects of the supervised periods of rehabilitation had long since dissipated." (Id. at 105-06). Moreover, contrary to TW's suggestion otherwise, the district court gave careful consideration to his rehabilitative potential and concluded that while TW "may be rehabilitatable," "the extent to which he is rehabilitatable is not sufficient to warrant keeping him as a juvenile." (Id. at 109). In light of all the factors, the district court reasonably concluded that transfer was appropriate.

We have considered TW's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk