21-595 (L)
*United States v. Whitaker et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-four.

Present:

        JOHN M. WALKER, JR.,
        WILLIAM J. NARDINI,
        STEVEN J. MENASHI,
            *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

        *Appellee*,

    v.

TYRELL WHITAKER, AKA Bow Wow, GLENN THOMAS, AKA Gucci, RAYMOND CHRISTIAN, AKA Reckless,

        *Defendants-Appellants*,

JAMES WILLIAMS, AKA L-1, RASHAWN VASSELL, AKA Bash, KEVIN BURDEN, AKA Kev Gotti,

        *Defendants*.

_____

21-595 (L), 21-806 (CON), 21-850 (CON)

| For Appellee: | CHRISTOPHER J. CLORE (David Abramowicz, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY |
|---|---|

1

For Defendant-Appellant Tyrell Whitaker:      HARRY SANDICK (Amanda S. First, *on the brief*), Patterson Belknap Webb & Tyler LLP, New York, NY

For Defendant-Appellant Glenn Thomas:      JEREMY GUTMAN, New York, NY

For Defendant-Appellant Raymond Christian:      TINA SCHNEIDER, Portland, ME

Appeals from judgments of the United States District Court for the Southern District of New York (Edgardo Ramos, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Defendants-Appellants Tyrell Whitaker, Glenn Thomas, and Raymond Christian (collectively, "Defendants") appeal from judgments of the United States District Court for the Southern District of New York (Edgardo Ramos, *District Judge*), entered on March 12, 2021, and March 25, 2021, and later amended on June 30, 2023. Following a jury trial in August 2014, Defendants were convicted of various charges stemming from the robbery of a narcotics stash house that occurred on December 15, 2010. During the course of the robbery, an individual, Jeffrey Henry, was shot and killed. Thomas and Christian were convicted of conspiracy to commit Hobbs Act robbery (Count One), in violation of 18 U.S.C. § 1951. In addition, all three Defendants were convicted of: (1) Hobbs Act robbery and attempted Hobbs Act robbery (Count Two), in violation of 18 U.S.C. §§ 1951 and 2; (2) using and carrying firearms during and in relation to, and possessing firearms in furtherance of, the crimes of violence charged in Counts One and Two, and aiding and abetting such use, carrying, and possession of firearms, at least one of which was used to commit a murder in the course of that crime (Count Four), in violation of 18 U.S.C.

§§ 924(j)(1) and 2; and (3) using and carrying firearms during and in relation to, and possessing firearms in furtherance of, the crimes of violence charged in Counts One and Two, and aiding and abetting such use, carrying, and possession of firearms, which were brandished (Count Five), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. The district court sentenced Whitaker and Thomas each to an aggregate term of 204 months of imprisonment, to be followed by 5 years of supervised release, and sentenced Christian to an aggregate term of 240 months of imprisonment, to be followed by 5 years of supervised release.

In their briefs before this Court, which were filed while *United States v. Taylor*, 596 U.S. 845 (2022), was pending before the Supreme Court, Defendants argued among other things that Counts Four and Five should be vacated because attempted Hobbs Act robbery cannot serve as a predicate crime of violence for purposes of 18 U.S.C. §§ 924(c) and (j). Following *Taylor*'s holding that attempted Hobbs Act robbery indeed does not qualify as a crime of violence, 596 U.S. at 851, Defendants moved to vacate Counts Four and Five. This Court granted that motion, vacated both counts, and remanded the case to the district court for resentencing. The district court resentenced Whitaker on Count Two to 168 months of imprisonment, resentenced Thomas on Counts One and Two to an aggregate term of 168 months of imprisonment, and resentenced Christian on Counts One and Two to an aggregate term of 204 months of imprisonment.

With resentencing complete, we now address Defendants' remaining arguments raised in their briefs. We assume the parties' familiarity with the case.

## I.   Statements Against Penal Interest

Defendants challenge five excerpts from a recording between a cooperating government witness, Jamar Mallory, and another defendant in the case, Kevin Burden, that the district court allowed the government to introduce at trial as statements against Burden's penal interest under

3

Federal Rule of Evidence 804(b)(3). "We review a decision to admit testimony as a statement against penal interest for abuse of discretion." *United States v. Dupree*, 870 F.3d 62, 80 (2d Cir. 2017). [1] "A district court abuses or exceeds the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *United States v. Rechnitz*, 75 F.4th 131, 142 (2d Cir. 2023).

Rule 804(b)(3) defines a "statement against interest"—which is "not excluded by the rule against hearsay if the declarant is unavailable as a witness"—as a statement that (1) "a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it . . . had so great a tendency . . . to expose the declarant to . . . criminal liability," and (2) "is supported by corroborating circumstances that clearly indicate its trustworthiness." Fed. R. Evid. 804(b)(3). "A statement may be admitted under Rule 804(b)(3)'s hearsay exception for statements against penal interest only if the district court determines that a reasonable person in the declarant's shoes would perceive the statement as detrimental to his or her own penal interest." *United States v. Saget*, 377 F.3d 223, 231 (2d Cir. 2004). The parties do not dispute that Burden was an unavailable witness due to his invoking his Fifth Amendment right against self-incrimination. *See United States v. Dolah*, 245 F.3d 98, 102 (2d Cir. 2001), *abrogated on other grounds by Crawford v. Washington*, 541 U.S. 36 (2004).

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

## A. Particularized Review

Defendants first argue that the district court did not undertake the necessary particularized review of every statement in the excerpts before admitting them under Rule 804(b)(3). "[W]e have repeatedly emphasized that each particular hearsay statement offered under Rule 804(b)(3) must be separately parsed and must, itself, be self-inculpatory." *United States v. Jackson*, 335 F.3d 170, 179 (2d Cir. 2003); *see Williamson v. United States*, 512 U.S. 594, 604 (1994). We find that the district court adequately considered each statement before admitting the excerpts.

From the two-and-a-half-hour recorded conversation between Mallory and Burden, the government sought to introduce six relatively short excerpts, which it later reduced to five excerpts. The district court heard oral argument on the admissibility of those excerpts at multiple points, including (1) on all five excerpts at the final pre-trial conference, (2) on excerpts 1, 2, and 3 before Mallory testified, (3) on all five excerpts at a sidebar in the middle of Mallory's testimony, with the district court ruling at that time that excerpts 2, 3, and 5 could be admitted, and (4) at the conclusion of that same trial day, on excerpts 1 and 4 again, with the district court then ruling that those two excerpts could also be admitted, subject to certain redactions to excerpt 1.

Contrary to Defendants' argument, the circumstances presented here are therefore far afield from what occurred in *United States v. Ojudun*, 915 F.3d 875 (2d Cir. 2019). In *Ojudun*, this Court faulted the district court for "comment[ing] generally" on the statement at issue "as a whole," *id.* at 886, before admitting the statement—a twenty-seven-minute interview—in its entirety under Rule 804(b)(3), *id.* at 884. Here, in contrast, the government had already reduced the long recording to a few excerpts, and then the district court heard extensive oral argument on those excerpts and waited for Mallory's testimony to see if it would corroborate the excerpts before admitting them. Furthermore, although the excerpts contain statements by someone other than the

5

unavailable declarant, that is, statements by Mallory, the inclusion of such statements is appropriate to provide the necessary context for the unavailable declarant's statements. *See Williamson*, 512 U.S. at 603 ("[W]hether a statement is self-inculpatory or not can only be determined by viewing it in context."); *United States v. Williams*, 506 F.3d 151, 155 (2d Cir. 2007); *Saget*, 377 F.3d at 231.

## B. The Excerpts

Defendants next argue that the district court abused its discretion by admitting most of the excerpts under Rule 804(b)(3).[2] We disagree. In excerpt 1, after Mallory describes who was involved in the robbery and that Whitaker and Thomas came to pick up guns from Mallory and Burden, Burden agrees with Mallory that he had a "chrome .38" and that after the robbery he "never seen that gun again." App'x at 314. A reasonable person in Burden's position would consider these statements to be against his penal interest because Burden is admitting that he provided a gun for the robbery, which he never got back.

In excerpt 2, Burden discusses the benefits of being a member of the Bloods. At trial, the government presented corroborating evidence that the robbery was intimately connected to the Bloods, including that two members, Christian and Anthony Baynes, first identified the robbery target in Newburgh, New York, and then approached James Williams, the leader of the Bloods in Newburgh, to help plan the robbery. Williams then helped direct the operation, ordering Mallory and Burden to provide guns to Whitaker and Thomas. In excerpt 2, Burden specifically discusses how Williams's poor leadership with respect to the robbery inured to the detriment of other Bloods members in Newburgh. By discussing the robbery in the context of how it affected the Bloods,

---

[2] Defendants do not dispute that excerpt 5, in which Burden admits to carrying several firearms, qualified for admission under Rule 804(b)(3).

and by simultaneously self-identifying as a member of the Bloods, Burden tended to implicate himself in a criminal conspiracy. *See, e.g.*, *Williamson*, 512 U.S. at 603; *United States v. Persico*, 645 F.3d 85, 102–03 (2d Cir. 2011).

In excerpt 3, Mallory and Burden discuss the robbery and its fallout, with Burden saying that he "remember[ed] exactly" in response to Mallory recounting that Whitaker and Thomas "came through" to pick up guns from them. App'x at 318. In addition, Burden says that he was "nervous" after Henry was killed during the robbery. *Id.* These statements are detrimental to Burden's penal interest because he implicates himself in the robbery, admitting that he was nervous after what happened because of his own involvement.

In excerpt 4, Burden makes several statements against his penal interest. Burden recounts how Mallory asked him to provide a gun for the robbery, and that he gave his chrome gun to Mallory to give to Whitaker specifically for the robbery. Burden even recalls that Mallory told him that Mallory might give Burden's gun to Thomas, and Burden said that he wanted his gun to go only to Whitaker. These statements are detrimental to Burden's penal interest because he, again, implicates himself in a conspiracy to commit robbery. Furthermore, Burden's statements are corroborated by other trial testimony.[3]

In sum, we find no abuse of discretion in the admission of the excerpts, because when viewed in the context of Burden's conversation with Mallory, these statements were all against Burden's penal interest.

---

[3] Mallory testified that Burden gave his gun to Whitaker for the robbery. Defendants argue that this testimony by Mallory shows an inconsistency because Burden says in excerpt 4 that he gave his gun to Mallory to give to Whitaker—but Mallory testified that Burden gave his gun directly to Whitaker. But this does not detract from the fact that both Burden and Mallory agree that Burden provided his gun to Whitaker for the robbery. Mallory also later testified that Williams told him that Williams was "about to send these young boys [Whitaker and Thomas] over to get the chains," that is, the guns. Tr. at 1207. And a victim of the robbery, Akinto Boone, testified that one of the robbers brandished a chrome gun, further corroborating the essential features of Burden's account.

7

## II.    Whitaker's Adult Status

Unrelated to Thomas's and Christian's appeals, Whitaker alone challenges the district court's 2013 order that transferred him to adult status pursuant to 18 U.S.C. § 5032.  Whitaker previously filed an interlocutory appeal challenging the transfer order, however, and this Court affirmed the transfer order.  *See United States v. Sealed Defendant 1*, 563 F. App'x 91 (2d Cir. 2014) (summary order).  Therefore, Whitaker's current challenge is barred by the law of the case doctrine, which "forecloses reconsideration of issues that were decided . . . during prior proceedings."  *United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007).

## III.    Counts Four and Five

As noted above, Counts Four and Five have already been vacated so, as the parties agreed during oral argument, any additional arguments that Defendants made with respect to those counts are moot because "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Antonyuk v. Chiumento*, 89 F.4th 271, 343 (2d Cir. 2023).

\*       \*       \*

We have considered all of Defendants' remaining arguments and find them unpersuasive. For the reasons stated above, we **AFFIRM** the judgments of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

8